Filed 7/28/26  Hunter v. Coy CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

| | |
|---|---|
| DAVID HUNTER,<br>        Plaintiff and Respondent,<br><br>v.<br><br>BRUCE COY et al.,<br>        Defendants and Appellants. | C101646<br><br>(Super. Ct. No. CU21-085424) |

David Hunter had a dispute with Bruce and Lisa Coy regarding ownership of real property located in Nevada County.  Because the Coys share the same last name, we will refer to the parties by first names for clarity.  David filed a lawsuit to quiet title and then entered into a settlement agreement with Bruce and Lisa.  Bruce and Lisa subsequently moved to enforce the settlement under Code of Civil Procedure section 664.6,[1] but the trial court denied the motion, finding, among other things, that David had not repudiated the settlement agreement and that Bruce and Lisa had not shown they performed a condition precedent under the agreement.

Bruce and Lisa filed a notice of appeal from the trial court's denial order and argued in their opening brief that the trial court erred in determining that David did not

---

[1]  Undesignated statutory references are to the Code of Civil Procedure.

1

repudiate the settlement agreement. David's respondent's brief asserted, among other things, that the appeal should be dismissed because Bruce and Lisa have appealed from a nonappealable order. Agreeing with David that the order appealed from is nonappealable, we will dismiss the appeal.

## BACKGROUND

Because our focus is on the threshold question of appealability, we need not recount the details of the underlying substantive dispute between the parties. It is sufficient to note that Bruce and Lisa owned real property in Grass Valley bearing one parcel number, and Bruce's mother Marcia owned property bearing a different parcel number. After efforts to effectuate a lot line adjustment and other transfers, Nevada County identified problems that needed to be corrected. Corrections were not made. David purchased one of the lots at a foreclosure sale and subsequently filed a complaint to quiet title.

The parties signed a settlement agreement. David agreed to purchase a lot from Bruce and Lisa, and Bruce and Lisa agreed to complete a lot line adjustment. The settlement agreement provided that the sale could not close before the lot line adjustment.

Bruce and Lisa submitted a lot line adjustment application, but Nevada County identified problems and recommended corrections. Bruce and Lisa nevertheless moved for an order to enforce the settlement agreement under section 664.6,[2] arguing that David had breached the settlement agreement by refusing to sign a lot line adjustment document and refusing to purchase the lot. The trial court conducted hearings, heard testimony, and ultimately denied the motion. It found that completion of the lot line adjustment by Bruce and Lisa was a condition precedent to the lot purchase by David, that Bruce and

---

[2] Section 664.6 provides a summary procedure for enforcing a settlement agreement in a pending litigation by authorizing the entry of judgment pursuant to the terms of the settlement. (§ 664.6, subd. (a); *Hines v. Lukes* (2008) 167 Cal.App.4th 1174, 1182.)

2

Lisa had not shown that they completed the lot line adjustment or that their obligation to complete the lot line adjustment was excused, and that David had not repudiated the settlement agreement. Because Bruce and Lisa did not establish that they had performed under the settlement agreement or that their performance was excused, the trial court concluded that David was discharged from his duty to perform under the settlement agreement.

## DISCUSSION

Bruce and Lisa contend the trial court erred in determining that David did not repudiate the settlement agreement. David counters by asserting, among other things, that the appeal should be dismissed because Bruce and Lisa have appealed from a nonappealable order. Because the existence of an appealable judgment or order is a jurisdictional prerequisite to an appeal, we must determine whether the order Bruce and Lisa have appealed from -- the order denying the motion to enforce the settlement agreement under section 664.6 -- is an appealable order. (*Critzer v. Enos* (2010) 187 Cal.App.4th 1242, 1250 (*Critzer*); *Doran v. Magan* (1999) 76 Cal.App.4th 1287, 1292 (*Doran*).)

An order denying a section 664.6 motion is usually not appealable because it does not dispose of an action, it leaves the action open. (*Doran, supra*, 76 Cal.App.4th at pp. 1293-1294.) There are exceptions for when a denial order completely disposes of the litigation (*Critzer, supra*, 187 Cal.App.4th at pp. 1250-1252) or when an order is brought after judgment was entered (*Walton v. Mueller* (2009) 180 Cal.App.4th 161, 167), but here the order denying Bruce and Lisa's motion to enforce the settlement agreement did not finally dispose of the action, and no judgment was entered. The issues raised in the pleadings remain pending for further consideration in the trial court. Under the circumstances, the order denying Bruce and Lisa's motion to enforce the settlement agreement is not appealable, and we will dismiss the appeal. (*In re Marriage of Deal*

3

(2022) 80 Cal.App.5th 71, 77-78; *Reddish v. Westamerica Bank* (2021) 68 Cal.App.5th 275, 277.)

DISPOSITION

The appeal from the trial court's order denying Bruce and Lisa's motion to enforce the settlement agreement under Code of Civil Procedure section 664.6 is dismissed.

/S/
MAURO, Acting P. J.

We concur:

/S/
MESIWALA, J.

/S/
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.